UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CARDINAL MARINE, LLC<br><br>                          Plaintiff,<br><br>- against -<br><br>CORBETT AGGREGATES COMPANIES,<br>LLC *also known as* CORBETT AGGREGATE<br>COMPANY, LLC,<br><br>                          Defendant. | 24 Civ. ___<br><br>**VERIFIED COMPLAINT** |

Plaintiff Cardinal Marine, LLC ("Cardinal" or "plaintiff"), by and through its attorneys Holland & Knight LLP, brings this action pursuant to Rule 9(h) against Defendant Corbett Aggregates Companies, LLC, also known as Corbett Aggregate Company, LLC ("CAC" or "Defendant")[1], as and for its Complaint alleges as follows:

## JURISDICTION

1.  This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure in that it involves claims for the breach of maritime contract for towage services. This Court has admiralty jurisdiction under 28 U.S.C. § 1333 and Rule B of the Supplemental Rules for Admiralty or Maritime Claims ("Rule B").

2.  Venue is proper in this district because CAC's property is within the District and garnishees and paying agents in possession of CAC's property within the meaning of Rule B are located and can be served with process within the District.

---

[1] No entity named "Corbett Aggregate Company, LLC" exists, however, Defendant has used that name interchangeably with "Corbett Aggregates Companies, LLC" in its agreement and correspondences with Cardinal. *See* Declaration of James H. Power dated December 19, 2024 filed simultaneously with this complaint (the "Power Decl."), at ¶ 4-6.

## THE PARTIES AND RELATED ACTIONS

3. Cardinal is a corporation or business entity organized and existing pursuant to the laws of New Jersey, with a place of business in Rumson, New Jersey.

4. Defendant CAC is a limited liability corporation organized and existing pursuant to the laws of New Jersey. CAC is not registered in New York as a foreign entity and as of the date of this filing it is in Chapter 7 bankruptcy under the control and supervision of a court-appointed trustee in New Jersey and has no business activities or offices in New York.

5. CAC cannot be found in this District within the meaning of Rule B.

6. As described in more detail below, Cardinal and CAC were party to a maritime contract for towing services dated March 13, 2025 (the "Agreement"), which Agreement Corbett breached by failing to pay certain invoices for towing services rendered.

7. In 2016 Cardinal commenced an action for breach of contract against Corbett in the United States District Court District of New Jersey styled *Cardinal Marine, LLC v. Corbett Aggregate Company, LLC*, 1:16-cv-07833-ESK-TJB (D. NJ) (the "New Jersey Action"). In December 2021 the court issued an order granting, in part, Cardinal's motion for summary judgement finding Corbett Aggregate liable for Cardinal's breach of contract claim. *See* ECF Dkt. # 77 (order dated Dec. 21, 2021) in the New Jersey Action.

8. The damages for Cardinal's breach of contract claim, inclusive of contract interest (set forth in the towage contract at 18%/month) and attorney's fees pursuant to the Agreement, are calculated to be $20,539,936.30 at the time CAC's Chapter 7 bankruptcy filing and as of the date of this complaint.

9. In July of 2024, Cardinal commenced an action against CAC in the United States District Court for the Eastern District of Pennsylvania seeking a Rule B maritime attachment of

CAC's account at Fulton Bank.  *See Cardinal Marine, LLC v. Corbett Aggregates Companies*, 2:24-cv-03608-GAM (E.D. Penn.) (the "Pennsylvania Rule B Action").  Pursuant to the order and writ of attachment issued by the Court in the Pennsylvania Rule B Action, Cardinal restrained $9,317.62 which were the only funds in CAC's account at Fulton Bank in Pennsylvania.  Pennsylvania Rule B Action at Dkt. # 8 & 9 (order and writ of attachment) & Dkt. # 10 (Garnishee Fulton Bank's Answers to Interrogatories).

10. On November 8, 2024, CAC filed a voluntary petition under Chapter 7 of the United States Bankruptcy Code in the District of New Jersey, *see In re Corbett Aggregates Companies, LLC*, 24-21132-ABA (Bankr. D. N.J.) (the "New Jersey Bankr. Action"), in which proceedings the Court appointed as CAC's trustee Mr. Thomas J. Subranni (the "Trustee").  The Trustee selected as its counsel Jeffery Kurtzman, Esquire of Kurtzman Steady LLC, which appointment the Court approved.  *See* New Jersey Bankr. Action at Dkt # 11.

11. As the largest creditor of CAC, Cardinal has been in periodic contact with the Trustee and the Trustee's counsel and disclosed the history of the New Jersey Action and the efforts by CAC's managing member Thomas Corbett to delay the proceedings for the purpose of dissipating assets of CAC with the intend to make CAC "judgment proof."  However, because Cardinal has a special interest in the recovery of assets of CAC in the possession of third parties for the benefit of the bankruptcy estate in general the Trustee and Trustee's counsel were made aware of Cardinal's intentions to commence this special Rule B attachment action in order to obtain security for Cardinal's maritime claims and to secure funds that belong to CAC's bankruptcy estate.  Based upon Cardinal's acknowledgment that all recoveries herein shall constitute property of the bankruptcy estate, the Trustee has consented to the filing of this action

3

and has agreed and confirmed that he will not seek to enforce the protection of the automatic stay in connection therewith.

12. Thomas F. Corbett and Kimberly Corbett are known garnishees and paying agents of CAC and are currently holding funds belonging to CAC in their personal bank accounts within this District and the State of New York at Empire State Bank and Webster Bank.

13. National Docks, LLC, Corbett Waterways, LLC, North Shore Terminal Staten Island, LLC, and Thomas F. Corbett Associates, LLC are entities that are owned, managed, or otherwise controlled by Thomas and Kimberly Corbett (the "Corbett Entities") and are garnishees and paying agents of CAC that upon information and belief are currently holding funds belonging to CAC in their bank accounts in New York at Empire State Bank and Webster Bank.

14. Cardinal commences this action pursuant to Supplemental Rule B to obtain security from CAC for its maritime claim which at the time of this Verified Complaint is $20,539,936.30.

**FACTUAL BACKGROUND**

15. CAC was the owner and operator of a major sand and gravel pit/mining operation in Quinton Township, New Jersey. CAC performed mining operations, material handling and transportation, providing customers with sand and aggregate products. CAC is part of a larger group of affiliates under the umbrella of Corbett Enterprises, a construction services company owned and personally managed by Thomas F. Corbett and Kimberly Corbett.

16. On March 13, 2015, the Parties signed the Marine Towing Services Agreement (hereinafter, the "Agreement") for the towing of the aggregate barge Corby 1 between the ports of Salem, New Jersey, Elizabeth, New Jersey and Governors Island, New York for a contractual term of one year. A true and correct copy of the Agreement, Addendum, and subsequent Amendment is attached hereto as **Exhibit 1**.

17. The agreed towage rate was $250.00 per hour running rate, and $235.00 per hour during standby hours or weather days. Ex. 1 at 11. The rate during January and February was agreed at a constant on-hire rate of $117.50 per hour. Payment was to be made in advance every two weeks. *Id.* at 12. Later, on March 23, 2015, an Amendment to the Agreement was executed providing for 50% payment upon departure for each trip, and 50% upon each delivery.

18. The Vessel was delivered on or about March 24, 2015 and immediately performed its first trip under the Agreement. Cardinal continued to perform under the contract throughout 2015 issuing regular invoices to CAC pursuant to the Agreement. CAC, however, failed to pay several of these invoices, and which invoice remain unpaid. A complete list of the unpaid invoices and calculation of accrued interest is attached hereto as **Exhibit 2.**

19. On August 24, 2015 counsel for Cardinal sent CAC a letter demanding payment on outstanding invoices.

20. On or about December 23, 2015, Cardinal sent CAC a Statement of outstanding invoices from May through December 2015.

21. On December 18, 2015, CAC sent a Letter of Termination to Cardinal Marine asserting that CAC was terminating the Agreement "as per the advice from [its] Marine Consultant." CAC expressly stated that it was "working to finalize payment that is going to be owed to Cardinal Marine, LLC." CAC indicated that it would reach out to Cardinal for payment of those outstanding amounts due. A true and correct copy of the December 18, 2025 letter from CAC to Cardinal is attached here to as **Exhibit 3**.

22. On or about December 23, 2015, Cardinal sent another Statement of outstanding invoices to CAC.

23.     Following CAC's wrongful termination of the Agreement, Cardinal invoiced CAC for standby time pursuant to the terms of the Agreement.  CAC in breach of the Agreement similarly failed to pay any of the standby time invoices.  A complete list of the unpaid standby invoices is included in Exhibit 2.

24.     Despite conceding that Cardinal has amounts due and owing pursuant to the Agreement, CAC has yet to make any payment since it wrongful termination of the Agreement.

25.     Subsequent to CAC's wrongful termination of the Agreement, Cardinal commenced the New Jersey Action against CAC asserting claims for the breach of the Agreement. In December 2021, the court in the New Jersey Action found on summary judgement that CAC's termination of the Agreement was wrongful, and that Corbett had breached the Agreement and its payment terms by failing to pay Cardinal's invoices.  *See* ECF Dkt. # 77 (Order dated December, 21, 2021) in the New Jersey Action.

## **FIRST CAUSE OF ACTION – BREACH OF CONTRACT**

26.     Cardinal repeats and realleges the allegations set forth in paragraphs 1 through 25 above as if fully set forth herein.

27.     In accordance with the terms of the Agreement, Cardinal agreed to provide towing services to Corbett's barge Corby 1 in and around the New York Harbor.

28.     The Agreement was for the term of at least one year, commencing upon delivery of the Vessel, and it was contemplated that the Vessel would perform approximately 4 trips per month, with a performance requirement of 32 hour voyages from Salem, NY to either Robbin's Reef, NJ or Ward's Point, NY, depending on the voyage.

29.     At all times, Cardinal performed under the Agreement, meeting all time requirements (with the exception of certain weather, tide or other safety delays which were exempted under Clause 20).

30.     Accordingly, Corbett materially breached the Agreement by wrongfully terminating it without cause.

31.     Corbett currently owes Cardinal the principal sum of $180,673.88 for outstanding invoices issued pursuant to the Agreement from May through December 2015 for towing services, $332,760.00 for outstanding invoices from December 2015 through March 2016 for standby time following Corbett's wrongful termination of the Agreement, and $62,997.00 for outstanding invoices for certain towing gear, bridals, push gear, and fendering.

32.     In accordance with the payment terms of the Agreement, "all past due invoices will accrue interest at the rate of 18% per month beginning the first day after the due date.  [Corbett] shall be responsible for all fees incurred while attempting to collect past due monies including but not limited to legal, administrative and other fees."  Exhibit 1, at 12.

33.     CAC under the direction of its owners, Thomas F. Corbett and Kimberly Corbett, adopted a risky strategy of delay in the New Jersey Action for almost 6 years refusing to pay Cardinal's claim in order to dissipate and transfer assets of CAC to its owners and other Corbett Entities.  As a result of this strategy of delay, the application of the contractual interest to each outstating invoice following their respective due dates bring the total amount owed to $20,089,936.34.  Additionally, CAC is liable pursuant to the payment terms of the Agreement for Cardinal's attorneys' fees and costs associated with this and New Jersey Action, totaling approximately $450,000 to date.

34. Accordingly, the total quantum of Cardinal's claim against Corbett Aggregate as of the date of this complaint is approximately $20,539,936.30.

## REQUEST FOR ORDER OF MARITIME ATTACHMENT

35. Cardinal repeats and realleges the allegations set forth in paragraph 1 through 34 above as if fully set forth herein.

36. As noted above, the parties entered in the Agreement for towage services, which Agreement is thus a maritime contract.

37. CAC wrongfully terminated and breached the Agreement, and Cardinal commenced the New Jersey Action with respect to its claim for breach of contract and damages as asserted in this complaint.

38. The quantum of Cardinal's claims against CAC for breach of the Agreement is approximately $20,539,936.30 as of the date of this complaint. While the New Jersey Action is currently stayed, Cardinal's claim is in the process of and expected to be recognized by the Trustee in the New Jersey Bankr. Action.

39. In its voluntary petition filed in the New Jersey Bankr. Action, CAC claims that its total property includes only funds in CAC's bank account at Fulton Bank in Pennsylvania in the amount of $9,317.62 and "funds held in [the] personal bank account of Thomas Corbett and Kimberly Corbett at Empire State Bank" in New York in the amount of $116,020.00. A copy of CAC's voluntary petition is attached here to as **Exhibit 4**.

40. Documents produced in discovery in the New Jersey Action and the testimony of Thomas F. Corbett during the Trustee's meeting of creditors in the New Jersey Bankruptcy Action on December 9, 2024 at 10 a.m. establish, however, that CAC had sold all of its assets prior to

filing for bankruptcy, and during the pendency of the New Jersey Action,[2] for a sum of approximately $51 million, of which funds at least $48 million was deposited into bank accounts belonging to CAC. Those funds were then transferred to accounts in New York belonging to Thomas and Kimberly Corbett, and other accounts belonging to the Corbett Entities. The purpose of the transfer of CAC's sale proceeds was to dissipate the funds of CAC from CAC accounts to accounts of related parties in order shield the funds from execution on the final money judgment Cardinal was going to obtain in New Jersey Action against CAC.[3]

41. Furthermore, CAC's bank account statements obtained in the New Jersey Bankruptcy Action indicated that Thomas and Kimberly Corbett, and Corbett Entities, have since 2020 regularly funded CAC's bank account with assets from the sale in order for CAC to pay expenses.

42. Other filings from the New Jersey Bankr. Action indicated that Thomas and Kimberly Corbett also received CAC's tax refunds, and paid CAC's taxes, from CAC funds in their personal bank accounts at Empire State Bank in New York.

43. Upon information and belief, Thomas and Kimberly Corbett, and one or more of the Corbett Entities, also have a relationship with Webster Bank in New York, and at which bank Thomas and Kimberly Corbett and one or more of the Corbett Entities have accounts that are used for holding funds belonging to CAC.

---

[2] CAC's assets were sold to Eastern Concrete Materials, Inc. pursuant to a sales agreement dated April 2017 (the "Sales Agreement"), in which sales agreement a number of other Corbett related entities were identified as sellers, including National Docks, LLC, Corbett Waterways, LLC North Shore Terminal Staten Island, LLC, and Thomas F. Corbett Associates, LLC (the "Corbett Entities"). A true and correct copy of the relevant portions of the Sales Agreement is attached here to as **Exhibit 5.**

[3] At the time CAC filed for bankruptcy on November 12, 2024, the discovery deadline in the New Jersey Action was only 3 days away (i.e., November 15, 2024) and the proposed pretrial order was to be filed by December 16, 2024.

44. Accordingly, Thomas F. Corbett and Kimberly Corbett are holding funds belonging to CAC in their personal bank accounts present in the district, and at all material times acted as paying agents for CAC by transferring from their personal New York bank accounts funds to CAC's account for the purposes of paying CAC's expenses.

45. One or more of the Corbett Entities has also collected income on behalf of CAC and held such income in bank accounts belonging to Corbett Entities in New York on behalf of CAC. For example, North Shore Terminal Staten Island LLC has received in its New York bank accounts rental payments due and owing to CAC.

46. CAC is not found within this District, but does have goods, chattels, credits, debts, effects and monies, funds, accounts, letter of credit, or other tangible or intangible property which belongs to it, is claimed by it, is being held for it or on its behalf, or which is being transferred for the benefit, at bank accounts belonging to Thomas and Kimber Corbett, and the Corbett Entities within this jurisdiction.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Cardinal respectfully requests that this Court enter judgment as follows:

i) That process in due form of law according the practice of this Court in the form of a writ of maritime attachment be issued against defendant Corbett Aggregates Companies, LLC, in the amount of $20,539,936.30 and if Corbett Aggregates Companies, LLC cannot be found, that their goods, chattels, credits, bills of lading, debts, effects and monies, funds, accounts, letters of credit, or other tangible or intangible property which belongs to it, is claimed by it, is being held for it or on its behalf by Thomas F. Corbett, Kimberly Corbett, or by other entities controlled by Thomas F. Corbett and Kimberly Corbett including National Docks, LLC, Corbett Waterways, LLC, North

Shore Terminal Staten Island, LLC, and Thomas F. Corbett Associates, LLC, within this district may be attached in amount sufficient to answer Cardinal's claims;

ii) That defendant CAC or any other person claiming an interest therein may be cited to appear and answer for the matters aforesaid;

iii) That pursuant to Rule 4(c)(1)&(2) of the Federal Rules of Civil Procedure that the writs of attachment and garnishment may be served by any person who is not less than 18 years old, and who is not a party to this action;

iv) That this Court retain jurisdiction over this matter through the entry of any final judgement or other final adjudication of creditor claims in *In re Corbett Aggregates Companies, LLC*, 24-21132-ABA (Bankr. D. N.J.) or the related New Jersey Action should such Chapter 7 case be later dismissed;

v) That the Court grant any other relief in favor of Plaintiff that it deems just and proper.


Dated: December 19, 2024
New York, NY

                  HOLLAND & KNIGHT LLP


                  By: /s/ *James H. Power*

                  James H. Power
                  F. Robert Denig
                  787 Seventh Avenue
                  New York, NY 10019
                  Telephone: (215) 513-3200
                  Email: James.power@hklaw.com
                            Robert.denig@hklaw.com

## **VERIFICATION**

I, James H. Power, declare as follows:

I am a member of the firm Holland & Knight and counsel for Cardinal Marine, LLC, plaintiff in this action. I have read the foregoing Verified Complaint and know the contents thereof, and the same are true and correct to the best of my knowledge. I have reviewed documentation provided to me by Plaintiff or otherwise obtained by myself or provided to me in by Corbett or its counsel in both *In re Corbett Aggregates Companies, LLC*, 24-21132-ABA (Bankr. D. N.J.) and the *Cardinal Marine, LLC v. Corbett Aggregate Company, LLC*, 1:16-cv-07833-ESK-TJB (D. NJ) and communicated with Plaintiff Cardinal as well as the Trustee and Trustee's counsel regarding this matter. I am authorized by Plaintiff to make this verification, and the reason for making it opposed to an officer of director of Plaintiff is that there are none within the jurisdiction of this Honorable Court. I declare under penalty of perjury that the foregoing is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 19th day of December, 2024 at New York, New York.

      */s/ James H. Power*
          James H. Power